**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| YEVHEN HURTOVYI AND LULIIA LYTVYNENKO, | ) | |
| | ) | Case No. 3:26-cv-1002 |
| Plaintiffs, | ) | |
| v. | ) | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (Diversity Jurisdiction)** |
| TRAVELERS PERSONAL INSURANCE COMPANY, | ) | CIRCUIT COURT JUNEAU COUNTY, WI No. 2026 CV 000149 |
| Defendant. | ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, TRAVELERS PERSONAL INSURANCE COMPANY ("Travelers"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the state court action described below:

1. On or about June 29, 2026, Plaintiffs, YEVHEN HURTOVYI AND LULIIA LYTVYNENKO ("Plaintiff's"), filed an action in the Circuit Court for Juneau County, Wisconsin, under Case No. 2026 CV 000149, against Defendant Travelers. Plaintiffs' Complaint is attached hereto as Exhibit A and incorporated herein by reference.

2. On September 3, 2026, Travelers was served with the Complaint and Summons.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after Travelers' receipt of Plaintiffs' Complaint on or after September 3, 2026.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Travelers pursuant to the provisions

of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Yevhen Hurtovyi, was and is a citizen of the State of Illinois.

6. At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Luliia Lytvynenko, an individual, was and is a citizen of the State of Illinois.

7. At the time the Complaint was filed, and at all times subsequent thereto, Defendant Travelers was and is a Connecticut corporation with its principal place of business in the State of Connecticut.

8. The amount in controversy exceeds $75,000. 28 U.S.C. 1446(c)(2) permits a defendant to assert the amount in controversy where the amount is not stated in the state court pleading. 28 U.S.C. 1446(c)(2) (2012). Removal is proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.*

9. The Seventh Circuit has established a low threshold for defendants in establishing the amount in controversy. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). "Removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

10. In their Complaint, Plaintiffs seek "judgment in the amount of the actual damage sustained by plaintiffs", "additional monies reasonably and necessarily incurred by plaintiffs", and "for all contractual benefits owing under the policy". (Ex. A, Complaint, Prayer for Relief, Sections A, B, C).

11. Plaintiffs seek coverage from Travelers under a policy of insurance for a catastrophic fire loss sustained by the insured property which rendered the house a total loss and the garage a partial loss. The policy of insurance contains a "dwelling limit" of $387,858, which means that the amount Plaintiffs seek is at least $387,858 before consideration of other claimed damage to the garage, contents, and property which are subject to separate limits of insurance.

14. Travelers denies that it owes coverage under the policy of insurance. Nevertheless, for purposes of determining the amount in controversy, because it is not legally certain that Plaintiffs will be unable to recover $75,000 given Plaintiff's sought relief recited above in Paragraph 10, this Court has subject-matter jurisdiction.

15. Prompt written notice of this removal is being provided to Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Juneau County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, TRAVELERS PERSONAL INSURANCE COMPANY, prays that the above-entitled cause, currently pending in the Circuit Court for Juneau County, Wisconsin, under Case No. 2026 CV 000149, be removed therefrom to the United States District Court for the Western District of Wisconsin and proceed in this Court as an action properly removed thereto.

Respectfully submitted,

/s/ Thomas B. Orlando

Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312.863.5000
torlando@fgppr.com

Attorneys for Defendant,
TRAVELERS PERSONAL INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I, the undersigned, on oath, subject to penalty of perjury, state that I served the Notice of Removal and Appearance, by emailing to all counsel of record on October 2, 2026, at the email address set forth below.

**Attorneys for Plaintiff**
Monte Weiss
State Bar No. 1003816
1025 West Glen Oaks Lane, Suite 212
Mequon, Wisconsin 53092
(262) 240-9663
monte@weissinjurylaw.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312.863.5000
torlando@fgppr.com